IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN THOMAS an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-4484 |
| ) | |
| HAMDI A. HASHI, an individual, and ) | PLAINTIFF DEMANDS A TRIAL BY JURY |
| Z & M RIDE INC., an Illinois corporation, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the plaintiff, John Thomas, an individual, by and through his attorneys SWATEK♦BUCKO LAW GROUP, LLC, and for his complaint against the defendants, Hamdi A. Hashi and Z & M Ride Inc., and alleges as follows:

**Nature of the Case**

1. This is a civil action against the defendants, Hamdi A. Hashi ("Hashi") and Z & M Ride Inc. ("Z & M"), for bodily injury suffered by the plaintiff, John Thomas ("Thomas"). This action arises out of an incident on December 1, 2019 where a motor vehicle operated by Hashi and owned by Z & M struck Thomas, a pedestrian, at or near the intersection of Wabash Avenue and Superior Street in Chicago, Illinois.

**Parties**

2. Plaintiff Thomas is an individual who resides in and is a citizen of the State of Ohio.

3. Defendant Hashi is an individual who resides in and is a citizen of the State of Illinois.

4. Defendant Z & M is an Illinois corporation with its principal place of business in the State of Illinois.

**Jurisdiction and Venue**

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the matter in controversy is between citizens of different States and there is more than $75,000, exclusive of interest and costs, in controversy.

6. Venue is appropriate under 28 U.S.C. §1391(b) because the defendants are residents of the State in which this Court is located and a substantial part of the events upon which this claim is based occurred in the Northern District of Illinois.

**Count I**

**Negligence (John Thomas v. Hamdi A. Hashi)**

7. Thomas incorporates by reference paragraphs 1-6 above as if fully stated herein.

8. On or about December 1, 2019, Thomas was a pedestrian walking westbound on Superior Street across its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

9. On or about December 1, 2019, Hashi was the driver and operator of a certain motor vehicle owned by Z & M that he was operating southbound on Superior Street at or near its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

10. On or about December 1, 2019, Z & M was the owner of the motor vehicle Hashi was operating southbound on Superior Street at or near its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

11. At all times relevant herein, Thomas was in the exercise of ordinary care and caution for his own safety.

12. That it then and there became and was the duty of Hashi to operate said motor vehicle with due care and caution in accordance with the statutes of the State of Illinois and the ordinances of the City of Chicago, for the safety and protection of Thomas and others then and there present.

13. That notwithstanding the aforementioned duty, Hashi was then and there guilty of one or more of the following wrongful acts and omissions:

    a. Failed to exercise due care to avoid colliding with Thomas, a pedestrian, in violation of Illinois statutes (625 ILCS 5/11-1003.1);

    b. Failed to give proper or appropriate warning or any notice, signal or warning of the approach and movement of his motor vehicle;

    c. Failed to keep proper or any lookout for Thomas or others who were or might have been crossing the street at the location referenced herein;

    d. Failed to yield the right of way to avoid a collision with Thomas after he discovered or should have discovered Thomas' perilous position in the path of his motor vehicle;

    e. Drove his motor vehicle at a speed greater than was reasonable and proper so as to endanger the life or limb of persons in said street, including Thomas;

    f. Failed to maintain control of his motor vehicle;

    g. Drove his vehicle without safe and proper brakes;

    h. Failed to yield to a pedestrian;

    i. Failed to stop before colliding with Thomas, a pedestrian;

    j. Failed to take reasonable corrective action under the circumstances to avoid colliding with Thomas, a pedestrian;

    k. Failed to maintain a proper lookout to avoid colliding with Thomas, a pedestrian;

    l. Failed to abide by a traffic control device where a pedestrian, Thomas, had the right of way;

    m. Failed to allow a pedestrian, Thomas, to clear his motor vehicle; and

    n. Was otherwise careless and negligent in the operation of his motor vehicle.

14. As a direct and proximate result of one or more of the foregoing careless and negligent acts of Hashi, the motor vehicle operated by Hashi and owned by Z & M hit and struck Thomas.

15. As a direct and proximate result of the aforesaid, Thomas: has suffered personal injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; was caused to expend and in the future will be compelled to expend, large sums of money for medical care, treatment and services endeavoring to be cured of said injuries; has suffered and will continue to suffer in the future acute and prolonged physical and mental pain and suffering; has suffered and will continue to suffer in the future permanent disfigurement and/or disability; has experienced and will continue to experience in the future loss of a normal life; has been and in the future will be prevented from attending to his usual affairs and duties; and has suffered and will continue to suffer in the future a loss of income and a loss of earning capacity.

## Count II

### Negligence (John Thomas v. Z & M Ride Inc.)

16. Thomas incorporates by reference paragraphs 1-6 above as if fully stated herein.

17. On or about December 1, 2019, Thomas was a pedestrian walking westbound on Superior Street across its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

18. On or about December 1, 2019, Hashi was the driver and operator of a certain motor vehicle owned by Z & M that he was operating southbound on Superior Street at or near its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

19. On or about December 1, 2019, Z & M was the owner of the motor vehicle Hashi was operating southbound on Superior Street at or near its intersection with Wabash Avenue in the City of Chicago, County of Cook, State of Illinois.

20. At all times relevant herein, Hashi was operating said motor vehicle as the employee and/or agent of Z & M.

21. At all times relevant herein, Thomas was in the exercise of ordinary care and caution for his own safety.

22. That it then and there became and was the duty of Z & M, through its employee and/or agent Hashi, who was operating said motor vehicle, to operate said motor vehicle with due care and caution in accordance with the statutes of the State of Illinois and the ordinances of the City of Chicago, for the safety and protection of Thomas and others then and there present.

23. That notwithstanding the aforementioned duty, Z &M, acting through its employee and/or agent Hashi, was then and there guilty of one or more of the following wrongful acts and omissions:

  a. Failed to exercise due care to avoid colliding with Thomas, a pedestrian, in violation of Illinois statutes (625 ILCS 5/11-1003.1);

  b. Failed to give proper or appropriate warning or any notice, signal or warning of the approach and movement of its motor vehicle;

  c. Failed to keep proper or any lookout for Thomas or others who were or might have been crossing the street at the location referenced herein;

  d. Failed to yield the right of way to avoid a collision with Thomas after it discovered or should have discovered Thomas' perilous position in the path of its motor vehicle;

  e. Drove its motor vehicle at a speed greater than was reasonable and proper so as to endanger the life or limb of persons in said street, including Thomas;

  f. Failed to maintain control of its motor vehicle;

  g. Drove its vehicle without safe and proper brakes;

  h. Failed to yield to a pedestrian;

  i. Failed to stop before colliding with Thomas, a pedestrian;

      j.      Failed to take reasonable corrective action under the circumstances to avoid colliding with Thomas, a pedestrian;

      k.      Failed to maintain a proper lookout to avoid colliding with Thomas, a pedestrian;

      l.      Failed to abide by a traffic control device where a pedestrian, Thomas, had the right of way;

      m.      Failed to allow a pedestrian, Thomas, to clear its motor vehicle; and

      n.      Was otherwise careless and negligent in the operation of its motor vehicle.

24. As a direct and proximate result of one or more of the foregoing careless and negligent acts, the motor vehicle operated by Hashi, acting as employee and/or agent of Z & M, hit and struck Thomas.

25. As a direct and proximate result of the aforesaid, Thomas: has suffered personal injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; was caused to expend and in the future will be compelled to expend, large sums of money for medical care, treatment and services endeavoring to be cured of said injuries; has suffered and will continue to suffer in the future acute and prolonged physical and mental pain and suffering; has suffered and will continue to suffer in the future permanent disfigurement and/or disability; has experienced and will continue to experience in the future loss of a normal life; has been and in the future will be prevented from attending to his usual affairs and duties; and has suffered and will continue to suffer in the future a loss of income and a loss of earning capacity.

## **DEMAND FOR A JURY TRIAL**

The plaintiff, John Thomas, hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

6

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, John Thomas, prays for judgment against the defendants, Hamdi A. Hashi and Z & M Ride Inc., for:

a. Compensatory damages in excess of $75,000, in an exact amount to be determined at trial;

b. Pre- and post-judgment interest as allowed by law;

c. An award of costs; and

d. Any and all such further relief as this Court deems just and proper.

DATED: July 31, 2020

                                      Respectfully Submitted,

                                      JOHN THOMAS

                                      By: /s/ Donna M. Bucko
Martha Swatek (ARDC #6210225)
Donna M. Bucko (ARCD #6278997)
Courtlan L. Coppler (ARDC #6281212)
SWATEK♦BUCKO LAW GROUP, LLC
22 West State Street
Geneva, IL 60134
(630) 232-6440
ms@swateklawgroup.com
dmb@swateklawgroup.com
clc@swateklawgroup.com
Attorneys for Plaintiff

7